UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNI-CHARTERING USA, LLC<br>　　Plaintiff,<br><br>v.<br><br>CRADON ENERGY, LTD<br>　　Defendant. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO.:_____<br>§<br>§<br>§<br>§<br>§ |

## UNI-CHARTERING USA, LLC'S APPLICATION TO CONFIRM ARBITRATION AWARD

TO THE HONORABLE COURT:

Plaintiff Uni-Chartering USA, LLC (hereinafter "Uni-Chartering" or "Owner"), through the undersigned, files this Application to Confirm Arbitration Award pursuant to 9 U.S.C. § 9. In support of this motion, Uni-Chartering respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff Uni-Chartering is a corporation incorporated under the laws of Texas with its principal office in Houston, Harris County, Texas.

2. Defendant Cradon Energy, Ltd. ("Cradon") is corporation incorporated under the laws of Texas with its principal office in Houston, Harris County, Texas. Cradon may be served with process by delivering a copy of this application to its registered agent, Stuart C Yoes at 3535 Calder Avenue Ste 235, Beaumont, TX 77706, in accordance with Rule 4(h) of the Federal Rules of Civil Procedure.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this case under 28 U.S.C. § 1333. The case arises under a Charter Party agreement which is a maritime contract that brings the

dispute within the admiralty jurisdiction of the United States Courts. *Fednav, Ltd.* v. *Isoramar, S.A.*, 925 F.2d 599,601 (2nd Cir. 1991).

4. Venue is proper in this Court because the parties agreed to arbitrate this dispute pursuant to the Houston Maritime Arbitrators Association Rules which states that: "By their agreement to arbitrate under these Rules, the parties have agreed that judgment upon the Award may be entered in any court of competent jurisdiction." HMAA Rule XII. "ENFORCEMENT OF AN AWARD". This application is made to the United States District Court in and for the district within which such award was made.

### III. FACTUAL BACKGROUND

5. Uni-Chartering, acting as the deponent owner, and Cradon, acting as the voyage charterer, concluded a fixture on May 5, 2015, governing a voyage charter of the M/V TASING SWAN (hereinafter the "Vessel") to carry fuel oil from Clifton Pier, Nassau Bahamas to the United States Gulf. *See* attached Exhibit 1, Confirmation of Fixture dated May 7, 2015; Exhibit 2, Tanker Voyage Charter Party; Exhibit 3, Cradon Energy Riders.

6. Pursuant to the Charter Party, the Vessel loaded approximately 46,884 bbls of fuel oil cargo (hereinafter "Cargo") in Clifton Pier, Nassau, Bahamas for discharge in New Orleans. However, because the discharge/receiving port would not receive the Vessel Cradon arranged the Cargo to be lightered to two (2) barges in the Mississippi River after several days of standing by waiting for discharge instructions from Cradon.

7. After lightering to the barges, approximately 1,400 bbls of Cargo remained onboard the Vessel. Cradon refused to order the discharge of the remaining Cargo.

8.  Uni-Chartering incurred in delay charges, transportation and disposal expenses relating to the Cargo remaining onboard in excess of $208,765.25. The damages suffered and expenses incurred by Uni-Chartering were requested from Cradon who failed to pay them.

9.  On or about November 2015, consistent with the terms of the Charter Party, Uni-Chartering initiated an arbitration proceeding with the Houston Maritime Arbitrators Association for monies Cradon owes Uni-Chartering under the Charter Party. *See* Exhibit 4, letter re arbitration panel selection.

10. Stefan Wozniak and Robin Brice were the arbitrators appointed by Uni-Chartering and Cradon, respectively, while, Mr. Wozniak and Mr. Brice appointed Michael K. Bell as the third arbitrator pursuant to the terms of the Charter Party. *See id.* Discovery was exchanged and all disputes were fully briefed to the Panel.

11. On May 10, 2016, oral arguments were presented and the evidence on this matter was closed. On May 25, 2016 the Panel rendered an award finding in part for Uni-Chartering and in part for Cradon. *See* Exhibit 5, Decision and Award.

12. Based on the evidenced presented to the Panel and in accordance with the terms of the Charter Party, the Panel made the following award:

> 1. The Tribunal finds in part for Claimant, UNI-Chartering Inc., and awards it the costs and expenses connected with the 1400 BBlS of ROB cargo, as follows:
>
> | | |
> |---|---|
> | a. Unpaid demurrage | $52,812.51 |
> | b. Additional expenses | $71,124.74 |
> | c. Product transfer to laydown yard | $17,500.00 |
> | d. Ship to Shore transfer and temp. storage | $30,000.00 |
> | e. Product transfer and disposal | $20,000.00 |
> | f. Frac tank rental and storage | $17,325.00 |
> | | $208,762.25 |
>
> 2. The Tribunal finds in part for Respondent, Cradon Energy, Ltd., on its Counterclaim, as follows:

| | |
|---|---|
| a. Barge Chartering Costs | |
|    -Invoice IN15060493 | $25,000.00 |
|    - 2 ½ days under Invoice IN15061345 | $44,461.00 |
| b. Allowable Amspec costs | $6,190.00 |
| c. Refund of Freight on 1400 BBlS | <u>$10,444.00</u> |
| | $86,095.00 |

3. Therefore, the Tribunal finds in favor of UNI-Chartering Inc. in the net amount of $122,667.25.

4. The Tribunal awards interested at the weighted average Prime lending Rate as published by the Federal Reserve for the periods due; i.e., 3.394% p.a. for the period from August 21, 2015 to the date of this award.

5. After due consideration, the Tribunal is of the opinion that attorney's fees and costs are not awardable in this arbitration.

### AWARD

Cradon Energy, Ltd. Is directed to pay Uni-Chartering Inc. the amount of $125,829.46, which we arrive at as follows:

| | |
|---|---|
| • Net of $208,762.25 less $86,095.00 | $122,667.25 |
| • Interest thereon | <u>$ 3,162.21</u> |
|       DUE UNI-Chartering Inc. | $125,829.46 |

If payment has not been made within 20 days from the date of this award, interest at the current prime Lending Rate of $3.50% p.a. shall accrue from the date of the award until payment in full has been made or the award has been reduced to judgment, whichever first occurs.

*See id.*

### IV. CONFIRMATION OF AWARD

13. Uni-Chartering incorporates all the preceding paragraphs by reference as though they are set forth more fully herein.

14. The Charter Party expressly states that "any disputes of any nature whatsoever arising out of this charter party or its performance shall be resolved by binding arbitration under the Rules of the Houston Maritime Arbitration Association" and that the "charter party is

governed by the federal general maritime laws and statutes of the United States of America." *See* Exhibit 3, ¶ 35.

15. Therefore the Federal Arbitration Act ("FAA") applies to the enforcement of the award in this case. The FAA presumes that arbitration awards will be confirmed, "and federal courts should defer to an arbitrator's decision wherever possible" so as to uphold their validity. *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 904, 909 (11th Cir. 2006), abrogated on other grounds by *Frazier v. CitiFinancial Corp.*, 604 F.3d 1313 (11th Cir. 2010); *Salsitz v. Kreiss*, 761 N.E.2d 724, 731 (Ill. 2001). As the United States Supreme Court has explained:

> the provision for judicial confirmation of an arbitrator's award contained in § 9 carries no hint of flexibility. On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.

*Hall St. Assocs., L.L.c. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (emphasis added).

16. "The confirmation of an arbitration award is a summary proceeding that converts a final arbitration award a judgment of the court." *Variable Annuity Life Ins. Co. v. Bencor, Inc.*, 2006 WL 1492249, *2 (S.D. Tex. May 30, 2006) (citations omitted). Furthermore, in a confirmation proceeding, no other claims are to be adjudicated. *Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F.Supp. 594, 635 (S.D. Tex. 2002) (quoting *Katz v. Feinberg*, 167 F.Supp.2d 556, 573 (S.D.N.Y. 2001)).

17. When requested to confirm an arbitration award, "[c]ourts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (citing *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). "If 'an arbitrator is even arguably construing or applying the contract

and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *Id.* (quoting *Misco*, 484 U.S. at 38). "[E]ven 'serious error' on the arbitrator's part does not justify overturning his decision, where ... he is construing a contract and acting within the scope of his authority." *Id.* at 510 (quoting *Misco*, 484 U.S. at 38). "Established law ordinarily precludes a Court from resolving the merits of the parties' dispute on the basis of its own factual determinations, no matter how erroneous the arbitrator's decision." *Id.* (citing *Misco*, 484 U.S. at 40, n. 10). "When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing Court to refuse to enforce the award." *Id.* (quoting *Misco*, 484 U.S. at 39). "'[C]ourts ... have no business weighing the merits of the grievance [or] considering whether there is equity in a particular claim.'" *Id.* (quoting *Misco*, 484 U.S. at 37).

18. Section 6 of the FAA provides that an application to confirm an arbitration award shall be heard in the manner and with the notice required for making and hearing a motion filed in a pending civil action in district court. 9 U.S.C. § 6. This procedure expedites judicial handling of matters pertaining to arbitration. *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 365-66 (2nd Cir. 1965).

19. Accordingly, Uni-Chartering requests that the Court confirm the arbitration award and enter judgment in accordance with its terms.

## V. PRAYER

20. Plaintiff Uni-Chartering USA, LLC respectfully requests that this Court issue judgment confirming the arbitration award in the amount of $125,829.46 in its favor, plus post-award interest at the rate of eight percent (3.50%) per annum which began to accrue on June 14,

2016, and shall continue to accrue until Cradon Energy, Ltd. pays the award. Additionally, Uni-Chartering requests that pursuant to Part II, ¶ 23 of the Charter Party (Exhibit 2) the Court award Uni-Chartering "all costs of suit and attorney fees incurred" in this action to confirm the arbitrator's award. Uni-Chartering further requests any other relief to which it may be entitled.

**WHEREFORE** Plaintiff Uni-Chartering USA, LLC respectfully requests this Court issue judgment confirming the arbitration award in the amount of $125,829.46 in its favor, plus post-award interest at the rate of eight percent (3.50%) per annum which began to accrue on June 14, 2016, and shall continue to accrue until Cradon Energy, Ltd. pays the award. Additionally, Uni-Chartering requests that pursuant to Part II, Paragraph 23 of the Charter Party (Exhibit 2) the Court award Uni-Chartering "all costs of suit and attorney fees incurred" in this action to confirm the arbitrator's award. Uni-Chartering further requests any other relief to which it may be entitled.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No.: 4172
durham@easthamlaw.com
Alejandro Mendez-Roman
S.D.TX. Adm. ID No.: 2295449
mendez@easthamlaw.com
Eastham, Watson, Dale and Forney
806 Travis, Suite 1300
Houston, TX 77002
Tel.:713-225-0905
*Attorney for Claimant Uni-Chartering USA, LLC*